UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEWS FOR JESUS, INC. and SUSAN
MENDELSON,

                Plaintiffs,

                -against-

THE TOWN OF OYSTER BAY, THE
TOWN BOARD OF THE TOWN OF
OYSTER BAY, RICHARD BETZ,
JUSTIN McCAFFREY, CHRIS
COSCHIGNANO, ANGELO DELLIGATTI,
ELIZABETH FAUGHNAN, ANTHONY
MACAGNONE, JOSEPH MUSCARELLA,
and ROSE MARIE WALKER,

                Defendants.
-----------------------------------------------------------X
APPEARANCES:

MEMORANDUM AND ORDER

CV 09-2088

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 11 2010 ★
LONG ISLAND OFFICE

    AMERICAN CIVIL LIBERTIES INSTITUTE
    BY: FREDERICK H. NELSON, ESQ.
    P.O. BOX 547503
    ORLANDO, FLORIDA 32854-7503
    Attorneys for Plaintiffs

    NIXON PEABODY LLP
    BY: RAYMOND L. MARIANI, ESQ.
         EDWARD A. PUERTA, ESQ.
    50 Jericho Quadrangle, Suite 300
    Jericho, New York 11753-2728
    Attorneys for Plaintiffs

    AHMUTY, DEMERS & McMANUS
    BY: CHRISTOPHER KENDRIC, ESQ.
    200 I.U. Willets Road
    Albertson, New York 11507
    Attorneys for Defendants Town of Oyster Bay and
    Town Board of Oyster Bay

1

SINNREICH KSAKOFF & MESSINA LLP
BY: JONATHAN SINNREICH, ESQ.
267 Carleton Avenue, Suite 301
Central Islip, NY 11722
Attorneys for Defendants Richard Betz, Justin McCaffrey and
Individually Named Town of Oyster Bay Board Members

WEXLER, District Judge

This is an action challenging the constitutionality of provisions of the Town Code and Regulations of the Defendant Town of Oyster Bay (the "Town"). The provisions at issue relate to the right to distribute literature in public places, and are challenged on First Amendment, Due Process, and Equal Protection grounds. Plaintiffs allege, essentially, that the laws of the Town, and the actions of the individually named Defendants, deprived Plaintiffs of the right to exercise their constitutionally protected rights in connection with the distribution of literature regarding the Plaintiff organization, Jews for Jesus, Inc. ("Jews for Jesus").

Presently before the court is the motion of Defendants to disqualify Frederick H. Nelson, Esq. from continued representation of Plaintiffs. In support of the motion Defendants argue that because attorney Nelson is a material fact witness he may not also act as Plaintiffs' attorney. For the reasons set forth below, the motion is denied.

## BACKGROUND

I. The Parties and the Allegations of the Complaint

Plaintiff Susan Mendelson is member of the Plaintiff organization, Jews for Jesus. Defendants are the Town, the Commissioner of Parks, the Commissioner of the Department of Public Safety, and the individual members of the Town Council.

The facts recited in the complaint refer to incidents that took place regarding Plaintiffs' distribution of Jews for Jesus literature within the Town in 2006 and in 2008. The distribution

and related activity that took place in 2006, led the same Plaintiffs here to file a similar lawsuit against the Town. See Jews for Jesus, Inc. v. Town of Oyster Bay, Docket No. 07-2526 (TCP) (the "2007 Lawsuit"). The 2007 lawsuit was settled in June of 2008.

Shortly after the settlement of the 2007 Lawsuit, Plaintiffs attempted to distribute their literature in a public park in the Town. That distribution led to the 2008 arrest and prosecution of Plaintiff Mendelson. The criminal complaint against Mendelson was ultimately dismissed by the State Court, and Plaintiffs thereafter commenced this action. In addition to reciting facts that took place in 2008, the complaint in this action sets forth the facts forming the basis of the 2007 Lawsuit. It is the recitation of the 2007 Lawsuit facts that forms the basis of the present disqualification motion.

## II. Allegations Regarding Plaintiffs' Counsel's Testimony

Plaintiffs' complaint contains detailed allegations regarding the facts alleged in support of their claims. Relevant to this motion are the allegations referring to Frederick H. Nelson, Esq. ("Nelson"), the attorney sought to be disqualified. Those allegations refer to actions preceding the 2007 Lawsuit. Specifically, the complaint alleges that in July of 2006, attorney Nelson contacted Nassau County Police Department Deputy Chief McHale to determine the process for obtaining a permit to distribute literature within the Town. McHale is alleged to have told Nelson that no one was allowed to distribute literature within the Town, and that no one had ever been issued a permit to do so. He is further alleged to have told Nelson that while people could go to a park to speak with others, they would be removed by the police if anyone was offended by the discussion. Nelson is also alleged to have contacted the Oyster Bay Town attorney to confirm the truth of what McHale told him regarding the permit process.[1]

---

[1] McHale was named as a defendant in the 2007 Lawsuit, but is not named in this matter.

Other allegations of the complaint refer to Plaintiffs' "attorney," but do not mention Nelson by name. Those allegations refer to discussions held between the unnamed attorney, and the Town attorney regarding the constitutionality of legislation proposed after settlement of the 2007 Lawsuit. In those discussions, the unnamed attorney is alleged to have expressed his opinion that the newly proposed legislation remained constitutionally infirm. The complaint contains no factual allegations regarding conversations involving Nelson that took place after settlement of the 2007 Lawsuit.

With this factual background in mind, the court turns to consider the relevant legal standards, and whether it is appropriate, as argued by Defendants, to disqualify attorney Nelson the ground that he is a witness necessary to the prosecution of Plaintiffs' case.

## DISCUSSION

I. <u>Disqualification: General Principles</u>

In determining whether to disqualify an attorney on the ground that he will likely be a witness, the court is guided, but not bound by, the standards set forth in the New York State Rules of Professional Conduct (the "Professional Conduct Rules"). See <u>Murray v. Metropolitan Life Ins. Co.</u>, 583 F.3d 173, 178 (2d Cir. 2009); <u>Amusement Industry, Inc. v. Stern</u>, 2009 WL 3069740 *1-2 (S.D.N.Y. 2009).

The rule relevant to the issue raised here is Rule 3.7(a) of the Professional Conduct Rules which provides, that:

(a) A lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact. Unless:
(1) the testimony relates solely to an uncontested issue;

(2) the testimony relates solely to the nature and value of legal services rendered in the matter;

(3) disqualification of the lawyer would work substantial hardship on the client;

4

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence ill be offered in opposition to the testimony; or

(5) the testimony is authorized by the tribunal.

22 N.Y.C.C.R.R.§ 1200 (2009) (Rule 3.7 of the New York Rules of Professional Conduct) ("Rule 3.7").

Four risks of allowing an attorney to testify that are sought to be avoided by Rule 3.7 are: (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused. Murray, 583 F.3d at 178; see Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 282-83 (2d Cir.2004).

Motions to disqualify are subject to "fairly strict scrutiny," particularly those that allege violation of the witness-advocate rule. Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir.1989). As noted by the Second Circuit, "Rule 3.7 lends itself to opportunistic abuse" and the court must therefore "guard against the tactical use of motions to disqualify . . . ." Murray, 583 F.3d at 178 (citation omitted); see also Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir.1983) (noting that disqualification motion are "often interposed for tactical reasons, and that even when made in the best of faith, such motions inevitably cause delay").

With these standards in mind, the court turns to the merits of the present motion.

II. Disposition of the Motion

As noted, the motion to disqualify is based upon the complaint's recitation of statements attributed to attorney Nelson, and to an unnamed Plaintiffs' attorney who Defendants allege to be

5

Nelson. Upon review of those statements, the court holds that they do not represent "significant issues of fact" about which the named attorney "is likely to be a witness." 22 N.Y.C.C.R.R. § 1200 (2009).

The 2006 statements attributed to Nelson are recited in the complaint as nothing more than background information. These statements refer to facts preceding the 2007 Lawsuit, and a prior version of the Town Code. As the constitutionality of that provision is not before the court, facts about this conversation are not significant to the issues raised herein. While Defendants assert that Nelson's testimony is necessary to establish the alleged custom, policy or practice of the Town, these are matters that can be established, if possible, by testimony elicited by other individuals, including Plaintiff Mendelson. To the extent that the identified conversations are significant, they can be the subject of testimony by non- Defendant McHale.

Defense counsel relies on out of court conversations held between counsel to prove the importance of the conversations involving Nelson. According to Defendants, Plaintiffs were approached with the possibility of avoiding motion practice by removing the paragraphs that refer to Nelson. Plaintiffs' declined to do so, and Defendants rely on this refusal as evidence of the significance of Nelson's testimony. The conversations identified by Defendants were held prior to motion practice, and are in the nature of settlement discussions that the court does not consider in reaching its result. Even if these conversations were considered, the court would not reach a different conclusion as to the significance of Nelson's alleged testimony. In any event, Plaintiffs have now stated that if the court holds that the paragraphs regarding conversations between Nelson and McHale relate to significant issues of fact, they will amend their complaint to remove those allegations. The court, however, makes no such finding at this juncture.

As to the references to the unnamed attorney, Plaintiffs have identified an individual, who

is no longer Plaintiffs' attorney, who can testify to those matters, if necessary. Thus, attorney Nelson's testimony is not necessary as to the conversations alleged to have taken place between the Town and the unnamed attorney.

Plaintiffs have not shown that significance of Nelson's testimony, or that any such testimony cannot be related by a different witness. Thus, upon consideration of the stringent standards required to disqualify a party's chosen counsel, and the facts in this matter, the court holds that disqualification is not necessary at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion to disqualify Frederick H. Nelson, Esq. from representing Plaintiffs is denied. The parties are directed to contact the Magistrate Judge assigned to this matter for the purpose of entering into an appropriate discovery schedule. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 11, 2010